**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES WILLIAM MYERS, | ) | NO. CV 15-2534-E |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER RE: "COUNSEL'S MOTION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)" |
| Defendant. | ) ) | |

On September 12, 2016, counsel for Plaintiff filed "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)." On October 7, 2016, Defendant filed a response. Counsel for Plaintiff seeks attorneys fees in the amount of $13,187.00.

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action. The Commissioner subsequently awarded benefits to Plaintiff totaling $52,748.80. Plaintiff's counsel represented Plaintiff under a contingent fee agreement providing for

fees in the amount of 25 percent of past-due benefits.

## APPLICABLE LAW

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.  42 U.S.C. § 406(b)(1)(A).

According to the United States Supreme Court, section 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee

2

sought is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (citations omitted) ("Gisbrecht").

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." Id. at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. (citations omitted).

**DISCUSSION**

The fee sought does not exceed the agreed-upon 25 percent of past-due benefits. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits. Because the present case is legally indistinguishable from Crawford v. Astrue,

586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent on the matter suggest the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

**ORDER**

Section 406(b) fees are allowed in the gross amount of $13,187.00, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $3,000.00, previously paid by the Government under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED: October 18, 2016.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4